UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEFFREY A. SOUZA,<br>  Petitioner,<br>v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS,<br>  Respondent. | Civil No. 24-10208-LTS |

<u>ORDER</u>

February 13, 2024

SOROKIN, J.

  On January 26, 2024, Jeffrey Souza, a state inmate proceeding *pro se*, initiated this action by filing motions to stay and for appointment of counsel. Doc. Nos. 1, 2. As best can be gleaned from the motion to stay, the SJC "finalized its ruling last Nov. 2023" and Souza now seeks to toll the time limit either for filing a petition for writ of certiorari in the United States Supreme Court or for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. Souza did not file a petition for a writ of habeas corpus.

  As to Souza's request for appointment of counsel, "[t]he Court may appoint legal counsel to financially eligible persons seeking habeas corpus under § 2241, 2254, or 2255 when the Court determines that the 'interests of justice so require.'" *Cavitt v. Saba*, No. 12-11700-WGY, 2012 WL 4094358, at *1 (D. Mass. Sept. 14, 2012) (Young, J.) (quoting 18 U.S.C. § 3006A(a)(2)). "The decision to appoint counsel is discretionary; a habeas petitioner has no constitutional or statutory right to appointed counsel." *Id.* Here, the motion for appointment of counsel is denied without prejudice for several reasons. First, the Court cannot determine whether Souza is financially eligible for appointment of counsel because he did not file a

financial affidavit. Next, even if Souza is financially eligible, other than being unskilled in the law, this Court cannot evaluate whether appointment of counsel is appropriate. "The First Circuit has set forth three criteria by which the court must discern the 'rare' case where appointment of counsel for a habeas petitioner is warranted: (1) the likelihood of success on the constitutional claim; (2) the factual complexity and legal intricacy of the claim; and (3) the ability of the prisoner to investigate and develop the factual record necessary to the claim." *Id.* (citing *United States v. Mala*, 7 F.3d 1058, 1063–64 (1993)). In his motion, Souza does not provide any information with respect to the above-factors. Finally, "[a]s a matter of federal law, . . . a federal habeas case commences with the filing of an application for habeas relief, not with the filing of a motion for appointment of federal habeas counsel, which the [Supreme] Court determined was not a motion on the merits." *Voravongsa v. Wall*, 349 F.3d 1, 4 (1st Cir. 2003). Here, Souza has not filed a petition for writ of habeas corpus.[1]

As to Souza's motion for stay, a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the one-year limitations period on habeas claims[2] can file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). A federal court

---

[1] Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires that a § 2254 petition: "(1) specify all grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the requested relief; (4) be printed, typewritten, or legibly handwritten; and be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2, Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (the "AEDPA"), imposes a one-year limitations period on habeas claims. *See* 28 U.S.C. § 2244(d)(1). The statute sets forth four potential triggering dates for the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277.

Here, Souza is not entitled to a stay of proceedings. First, Souza has not filed an actual petition for writ of habeas corpus, thus, there is no petition to hold in abeyance. Next, Souza has not shown that he needs to have his case stayed so as to avoid a statute of limitations problem at this time. Where, as here, a state prisoner did not file a petition for certiorari with the U.S. Supreme Court, the limitations period begins running on the date the 90-day period for seeking certiorari with the U.S. Supreme Court expired. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Souza indicates that he was advised by his state criminal defense attorney that if Souza wishes to file a petition for writ of habeas corpus in federal court, the deadline is January 30, 2025. *See* Doc. No. 3. Souza's motions are signed and dated January 21, 2024, which is a date before any time elapsed on the one-year statute of limitations to file a habeas petition and appears to be is a few days before the filing deadline for filing a petition for certiorari with the United States Supreme Court. At this point, 11 months remain for Souza to timely file a petition for a writ of habeas corpus. Because Souza still has sufficient time remaining under the limitations period, a stay of the proceedings is not necessary, or appropriate, at this time. As such, the Court will deny the motion for stay.[3]

Accordingly, the Court hereby ORDERS:

1. Petitioner's motion to stay (Doc. No. 1) is DENIED.

2. Petitioner's motion to appoint counsel (Doc. No. 2) is DENIED.

---

[3] To the extent Souza also seeks a stay or extension of his deadline to file a petition for certiorari, this Court lacks authority to alter deadlines that govern proceedings before the Supreme Court.

3.      The Clerk shall enter a separate order of dismissal and provide Souza with the standard § 2254 form and an Application to Proceed in District Court without Prepaying Fees or Costs.

                                             SO ORDERED.

                                             /s/ Leo T. Sorokin
                                             United States District Judge